UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN THE MATTER OF THE ESTATE OF JOSEPH PRIOLO,       **AMENDED**
BY DOLORES PRIOLO ADMINISTRATRIX, MOTHER            **SUMMONS**
AND NATURAL GUARDIAN, AND DOLORES PRIOLO

                            Plaintiffs,             **15 CV 6080**

              -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER CESAR
DORADO, SHIELD #25149, POLICE OFFICER BRIAN
BRANDT, SHIELD #12841, POLICE OFFICER PETER
REPETTI, SHEILD #14812, SGT. ERIC PANNI,
SHIELD #02871, AS POLICE OFFICERS AND
INDIVIDUALLY.
                            Defendants.
-------------------------------------------------------------------X

**To the above named Defendant(s):**

   **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney with twenty (20) days after the service of this summons,

exclusive of the day of service (30) days after the service is complete if the summons is not

personally delivered to you within the State of New York); and in case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April ?, 2016

                              EMDIN & RUSSELL, LLP.
                              Attorneys for Plaintiffs
                              499 Seventh Avenue 12N
                              New York, New York 10018
                              (212) 683-3995

**Defendant's address:**

City of New York
Alan H. Scheiner
Senior Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street, Room 3-174
New York, New York 10007

The New York City Police Department
1 Police Plaza
New York, New York 10038

Police Officer Cesar Dorado Shield #25149, tax #922279
c/o 109th pct.
37-05 Union St.
Flushing, NY 11354

Police Officer Brian Brandt Shield #12841
c/o 109th pct.
37-05 Union St.
Flushing, NY 11354

Sergeant Eric Panni Shield #02871
c/o 111th pct.
45-06 215th St.
Queens, NY 11361

Police Officer Peter Repetti Shield #14812
c/o 109th pct.
37-05 Union St.
Flushing, NY 11354

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
IN THE MATTER OF THE ESTATE OF JOSEPH PRIOLO,
BY DOLORES PRIOLO, ADMINISTRATRIX, MOTHER
AND NATURAL GUARDIAN, AND DOLORES PRIOLO
                              Plaintiffs,

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER CESAR
DORADO, SHIELD #25149, POLICE OFFICER BRIAN
BRANDT, SHIELD #12841, POLICE OFFICER PETER
REPETTI, SHIELD #14812, SGT. ERIC PANNI,
SHIELD #02871, AS POLICE OFFICERS AND
INDIVIDUALLY.
                          Defendants.
-------------------------------------------------------------------------X

AMENDED
VERIFIED COMPLAINT
<u>JURY TRIAL DEMAND</u>

**15 CV 6080**

       The plaintiffs, The Estate of Joseph Priolo, by Dolores Priolo, Administratrix, and Dolores

Priolo, by her attorneys, Emdin & Russell, LLP, complaining of the defendants, respectfully

alleges as follows:

## PRELIMINARY STATEMENTS

1.    Plaintiff as the Administratrix, of the Estate of Joseph Priolo and as Mother and Natural

Guardian as well as herself bring this action for compensatory damages, punitive damages,

equitable relief and accrued of costs, interest and such other relief as this Court deems equitable

and just.

2.    Due to the outrages and intentional acts of police misconduct, Joseph Priolo was battered,

assaulted, illegally seized and subjected to excessive force which resulted in his wrongful death.

## NATURE OF CLAIM

3.    Plaintiff(s) seeks redress pursuant to 42 U.S.C § 1983 and 1988, et reg. for violations of her

son's rights secured by the Fourth and Eight Amendments and Due Process clause of the Fourteenth Amendment of the United States.

4.      Plaintiff(s) also seek Redress under Article 1 Section 11 of the New York State Constitution for denial of Equal Protection and for torturous conduct against her son by the Defendants through battery, assault, illegal seizure, excessive force, abuse of power and authority, conspiracy and Prima Facie Tort.

## JURISDICTION

5.      This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201 and 2202, to hear and decide these claims for relief.

This Court has pendent and supplemental jurisdiction over all claims asserted herein under the law of the State of New York pursuant to 28 U.S.C § 1367(a).

## VENUE

6.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a)(b) and (c) and all material events described herein occurred in the City of Queens, State of New York.

## JURY TRIAL DEMAND

7.      Plaintiff(s) demands a trial by Jury of Claims pleaded herein:

## PARTIES

8.      Dolores Priolo is the Mother and Natural Guardian of Decedent Joseph Priolo and was appointed Administratrix of the goods, chattels credits of the Decedent Joseph Priolo, by order of the Surrogate Court of Queens County on January 12, 2015.

9.      The Decedent Joseph Priolo resided at 43-32 Kissena Boulevard, County of Queens, City

and State of New York with his mother, Dolores Priolo.

10.     This action against the herein named Defendants is brought by Dolores Priolo in the capacity as Administratix on behalf of the Estate of Joseph Priolo and herself.

11.     That the Defendants, the City of New York, at all times hereinafter mentioned is a municipal corporation duly organized and existing under and by virtual of laws of the State of New York, and the Public employer of all named Defendants the City of New York maintains a police force known as the New York City Police Department for which the "City", its agents, servants and employees operated, maintained and controlled including all Defendants, Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni

12.     Upon information and belief the New York City Police Department hereinafter referred to as "NYPD" is an agency of the "City", existing and operating by virtue of the laws of the State of New York and the City of New York.

13.     Upon information and belief, on October 26, 2014, Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni were assigned to the 109th precinct as they were employed as New York City Police Officers.

14.     Defendants, Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni are being sued in their individual and official capacities and all acted within the scope of their employment and under the color of State law, to with under color of statues, ordinances, regulations, policies, customs and usage of the State of New York and/or City of New York.

15.     Defendant, Police Officer Cesar Dorado, Shield #25149, at all relevant times was a police officer employed by Defendant, the City of New York, acting within his scope of employment and

under the color of state law.

16.     Defendant, Police Officer Brian Brandt, Shield #12841, at all relevant times was a police officer employed by Defendant, the City of New York, acting within his scope of employment and under the color of state law.

17.     Defendant, Police Officer Peter Repetti, Shield #14812, at all relevant times was a police officer employed by Defendant, the City of New York, acting within his scope of employment and under the color of state law.

18.     Defendant, Sergeant Eric Panni, Shield #02871, at all relevant times was a police officer employed by Defendant, the City of New York, acting within his scope of employment and under the color of state law.

19.     Defendants, Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni from the 109th precinct at all relevant times were/are police officers employed Defendant, the City of New York, acting within their scope of employment and under the color of state law.

20.     Upon information and belief, Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni, at all relevant times hereunder including on October 26, 2014 were police officers employed by the "City". Each is sued in his/her individual capacity and in his/her capacity as police officers. Herein after the term "Officers" shall refer to all named officers collectively as a whole or in part.

21.     At all relevant times hereunder, Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni were acting in the scope of their employment as New York City Police Officers.

## NOTICE OF CLAIM

22.     Plaintiff timely filed a Notice of Claim on or about November 10, 2014 against the Defendants, City of New York in compliance with General Municipal Law Section 50, stating the State law causes of actions.

23.     An Amended Notice of Claim was filed on or about October 14, 2015, reflecting Detective Galgano, Shield #3292 as a named Defendant, and the herein named officers as John Doe 1-4.

24.     More than thirty (30) days has elapsed since service and filing of said Notice of Claim and the Defendant, City of New York, has failed to pay or adjust the claim.

25.     Dolores Priolo 50H hearing was held on May 8, 2015 in accordance with General Municipal Law.

## FACTUAL ALLEGATIONS

26.     This action has been commenced within one (1) year and ninety (90) days after the happening of the events, upon which there claims arose.

27.     That at all times hereafter mentioned, Defendants "Officers" were employed by the Defendant, the New York City Police Department, ("NYPD").

28.     That the Defendant, the City of New York ("City") its agents, servants and/or employees operated, maintained and controlled a police force known as the "NYPD" including all police officers employed thereby.

29.     That on October 26, 2014, at approximately 8:00 a.m. the Decedent, Joseph Priolo, was lawfully returning to his home located at 43-32 Kissena Blvd, County of Flushing Queens, City and State of New York.

30.     Upon information and belief, the Decedent was wearing headphones. The Defendant

"Officers" were following the Decedent as he walked to his residence as stated above.

31.     Said "Officers" were following the Decedent because of a call from New York Hospital Medical Center, Queens Hospital that said Decedent was emotionally disturbed and was at the hospital brandishing a knife. Said knife was actually a box cutter.

32.     The "Officers" provided with information as to the Decedent's emotional and mental make-up and the Decedent's residence failed to contact emergency service unit, knowing the "Officers" where going to detain the Decedent.

33.     The "Officers" eventually located the Decedent as he was approaching his residence and at that time failed to contact the Emergency Service Unit.

34.     The "Officers" had the opportunity, upon receiving the medical/ emotional history of the Decedent, to call for Emergency Service Unit to meet said officers at the Decedent's residence; however the officer failed to contact the Emergency Service Unit.

35.     Sergeant Panni failed to contain the Decedent by non-lethal means as well as failed to supervise the present officers, that being Officers Dorado, Repetti and Brandt.

36.     Police Officers Dorado failed to use non-lethal means to contain/detain the Decedent.

37.     Officers Repetti, Brandt and Sergeant Panni failed to intervene on behalf of the Decedent, to stop the negligent and/or intentional actions of Officer Dorado.

38.     Sergeant Panni upon approaching Decedent drew his gun as opposed to non-lethal (fatal) police equipment.

39.     Officer Dorado upon observing the above drew his firearm as oppose to non-lethal police equipment or retreat to a distance further away from the Decedent.

40.     Sergeant Panni prior to approaching the Decedent communicated with the Decedent

inquiring about his name although he had a picture of the Decedent and already knew his name.

41.    Sergeant Panni at the time did not contact the EMS unit. Officers Repetti and Brandt failed to contact EMS unit as they observed the interactions between their fellow officers.

42.    Said "Officers'" followed the Decedent to his residence whereupon the decedent was shot twice in the chest area by Police Officer Cesar Dorado, Shield #25149, and as a result of said shots died.

43.    Upon information and belief, Detective Michael Galgano falsely claimed to Dolores Priolo that the Decedent lunged at the "Officers" with a knife for which the "Officers" were able to dodge the attack and then Police Officer Dorado shot the Decedent.

44.    Said force, was unnecessary, excessive and unjustified. The Defendants "Officers" conduct was negligent, reckless, excessive, unnecessary and in violation of the Police Patrol Guidelines.

45.    The Defendants/Officers conduct and/or shooting was performed negligently and recklessly.

46.    The Defendants/Officers conduct and/or shooting was performed knowingly, intentionally and willfully.

47.    The Defendants/Officers shooting was conducted without reason or provocation.

48.    Said misconduct and/or shooting resulted in the death of the Plaintiff/Decedent, Joseph Priolo. As a result of the Defendants/Officers misconduct-shooting, Plaintiff/Decedent, Joseph Priolo was caused to suffer severe physical injuries, pain and suffering resulting in his death as well as a pre-death pain and suffering including emotional and psychological distress and horror.

49.    The Defendants/Officers did not have probable cause to discharge their firearms.

50.     The Defendants/Officers failure to adhere to the Police Patrol Guidelines gave rise to their misconduct and/or discharging their firearms resulting in Plaintiff/Decedent, Joseph Priolo's death.

51.     The Defendants/Officers failed to adhere to Patrol guidelines 203-11-Use of Force. The Defendants "Pledge to value human life and respect the dignity of each individual" here the Defendants/Officers were negligent. The Defendants/ Officers negligently or otherwise failed to "preserve human life" a primary duty of all members of the New York City Police Department.

52.     The Defendants/Officers exceeded the amount of force necessary against Decedent Joseph Priolo, who was mentally ill and/or emotionally disturbed person.

53.     The Defendants/Officers failed to use Deadly Physical Force as a last resort which is consistent with the NYPD policy and the law.

54.     The Defendants/Officers present and/ or observing also failed to intervene in the use of deadly and excessive force which resulted in the death of the decedent, Joseph Priolo.

55.     The Defendants/Officers knew that the Decedent, Joseph Priolo, suffered mental and/or emotional problems based on the information the Defendants/Officers received from New York Hospital Medical Center, Queens Hospital as the decedent regularly visited the hospital for anxiety, depression among other aliments, and the hospital spoke to the Defendant/ Officers concerning the Decedent for which they provided a photograph and address for which he was eventually illegally detained.

56.     The Defendants/Officers knew that the Decedent, Joseph Priolo, suffered mental and/or emotional problems given their responsibilities and duties as community police patrolling the area for which the Plaintiff/Decedent, Joseph Priolo, resided.

57.     The Defendants/Officers failed to adhere to Police Patrol Guidelines 216-05- Mentally Ill or Emotionally Disturbed Persons effective as August 8, 2013.

58.     The Defendants/Officers failed to adhere to the Police Patrol Guidelines as to engage and/or apprehend an emotionally disturbed person.

59.     The Defendants/Officers failed to uphold Police Patrol Guidelines 216-05 primary duty which is to preserve human life.

60.     The Defendants'/Officers' force was unnecessary and excessive given the Decedent, Joseph Priolo, was not dangerous to him or others. At the time of Decedent's, Joseph Priolo's demise he was alone, posing no threat to anyone, therefore, Defendants'/Officers' fatal shooting was unnecessary, excessive and unwarranted.

61.     Decedent was not conducting himself in a manner which a police officer could reasonable believe said Decedent, Joseph Priolo, was likely to result in serious injury to himself or others.

62.     On October 26, 2014 at the time and prior to Decedent's, Joseph Priolo's death, as a result of the Defendants/Officers' misconduct; said "Officers" failed to adhere to Police Patrol Guidelines 216-05 in that the "Officers" failed to establish a "Zone of Safety".

63.     The Defendants/Officers failed to adhere to Police Patrol Guidelines 216-05 in that said "Officers" attempted to take the Decedent, Joseph Priolo, into custody without specific directions of a Supervisor Sergeant Panni or otherwise. The Defendants/Officers failed to request Emergency Service Unit, and/or request the presence of a Patrol Supervisor at the scene.

64.     Had, the Defendants/Officers contacted the Emergency Service Unit or Sergeant Panni properly trained and/or supervised Defendants/Officers Brandt, Repetti and Dorado, said Defendants/Officers have had access to non-lethal devices to assist in the containment and

apprehension of Decedent, Joseph Priolo, and said non-lethal equipment would have been used at the Supervisor's directions.

65.     The Defendants/Officers failed to adhere to rules, regulations and procedures as to when to discharge and fire their weapon.

66.     The Defendants/Officers failed to adhere to Police Protocol, Guidelines and Procedures in maintaining required distance between themselves and the Decedent upon his detention and apprehension.

67.     Had, Sergeant Panni properly assessed and managed the Decedent's illegal stop he would have ultilized non-lethal devices to assist in the containment and apprehension of Decedent, Joseph Priolo.

68.     The Defendants/Officers, notwithstanding the above-mentioned, failed to use the non-lethal equipment they possessed such as mace and/or tasers.

69.     Defendants/Officers failed to deploy probative devices such as mace, shields and tasers to ensure the safety of all present.

70.     The Defendants/Officers present failed to direct their fellow "Officer" <u>not to</u> use their firearms or use any other deadly physical force given their life nor the life of another was in imminent danger.

## AND AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF DOLORES PRIOLO, AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH PRIOLO FOR WRONGFUL DEATH AGAINST ALL NAMED DEFENDANTS/OFFICERS

71.     The Plaintiff repeats and re-alleges such and every allegation set forth above numbered "1" through "70" inclusive with the same force and effect as if more fully set forth at length herein.

72.     That on October 26, 2014 at approximately 8:00 a.m., the Plaintiff, Decedent, Joseph

Priolo, was lawfully walking to his residence and entering his residence at 43-32 Kissena Blvd, County of Flushing Queens, City and State of New York when he was caused to be shot multiple times resulting in his death by Defendant Police Officer Cesar Dorado, Shield #25149.

73.   That said shooting of the Plaintiff, Decedent, Joseph Priolo, was without probable cause.

74.   The shooting of the Plaintiff, Decedent, Joseph Priolo, was executed knowingly, intentionally, willfully and negligently.

75.   The shooting of the Plaintiff, Decedent, Joseph Priolo, was performed negligently and recklessly.

76.   The shooting of the Plaintiff, Decedent, Joseph Priolo, was executed without reason or provocation, as the Decedent was running away from confrontation.

77.   The above mentioned shooting by the Police Officer Cesar Dorado resulted in the death of the Plaintiff, Decedent, Joseph Priolo.

78.   The failure to supervise by Sergeant Panni resulted in the death of the plaintiff, Decedent, Joseph Priolo.

79.   The failure of Police Officers Brandt, and Repetti to intervene resulted in the death of the Plaintiff, Decedent, Joseph Priolo

80.   The Defendants'/Officers' actions/misconduct deprived the Plaintiff, Decedent, Joseph Priolo of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

81.    Plaintiff, Decedent, Joseph Priolo, was deprived of his right to due process of law, his right to be free from physical injury/seizure and the unwarranted use of physical force, as well as his right to happiness, liberty and his right to life.

82.     That at all times hereinafter mentioned, Defendant Police Officers, Dorado, Brandt, Repetti, and Sergeant Panni engaged in the actions and conduct alleged herein in their official capacity as New York City Police Officers and under the color and authority of State law, regulations, ordinances, customs and usage .

83.     The Defendants, "City" and " NYPD", have as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or otherwise direct its police officers, including the "Officers" at the scene in this particular case, regarding the protection of the Constitutional Rights of Citizens and continue not to disclose the constitutional abuses, the use of excessive force and numerous other forms of police misconduct as well as the disciplinary/corrective measure and constitutional violations.

84.     Such policy, practice and deliberate indifference have been highlighted in and by way the numerous lawsuits filed against the Defendants/Officers collectively in regards to police misconduct.

85.     The failure to care, the Defendants "NYPD" and "Officers" misconduct and constitutional abuse has served as the proximate cause of the violation of Decedent's, Joseph Priolo's rights on the morning of October 26, 2014.

86.     By reason of the foregoing, the Plaintiff, Dolores Priolo, Administratrix, of the Estate of Joseph Priolo and Dolores Priolo individually demand judgement for the wrongful death against the Defendants. The "City" and "NYPD" including but not limited to the herein named Defendants in a same exceeding the jurisdictional limits of all lower courts.

**AND AS FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE ON BEHALF OF DOLORES PRIOLO, AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH PRIOLO DECEDENT AGAINST THE CITY OF NEW YORK, POLICE OFFICERS DORADO, BRANDT, REPETTI, AND SGT. PANNI**

87.     The Plaintiff(s) repeats and re-alleges such and every allegation set forth above numbered "1" through "86" inclusive with the same force and effect as if more fully set forth at length herein.

88.     As a result of the "Defendants/Officers" and "City", reckless, carelessness and misconduct the death and injury suffered by Joseph Priolo occurred and was solely caused by the aforementioned Defendants; said negligence, recklessness and carelessness and misconduct was performed through the "City" and "NYPD's" agents, servants, employees and the police officers involved, Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni both vicariously and directly.

89.     Said negligence as herein in paragraphs " 1" though "88",  consisted of negligence in hiring, training, retention of police officers involved in this incident; supervision; negligence in failing to adhere to the existing police department Police Patrol Guidelines protocol as to the use of deadly lethal force causing the serious injuries, both physical and emotional resulting in death; failure to adhere to protocol as to how to effectuate an arrest of an mentally ill and/or emotionally disturbed person; discrimination arising and resulting out of a shooting of the Plaintiff and further, deprived Plaintiff's civil rights, privilege and immunities secured under the Constitution of the United States of America and State of New York; negligence in failing to use care in performance of police duties for which a reasonable prudent and careful police officer would have used in similar circumstances, in hiring not training but retaining persons who were unfit to serve as Police Officers; negligence in failing to provide police officers in the field as to how to effectuate the arrest of a civilian and/or a mentally ill and/or emotionally disturbed person in particularly with regards to the use of firearms in public; negligence in training police officers in the processing of a person suspected of violation of the criminal law of the State of New York which resulted in the

shooting and the death of the Plaintiff, Decedent, Joseph Priolo.

90.     The Defendants "City" and "NYPD" through its agents, servants, employees and police officers involved, Defendants Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni were negligent, reckless and careless in shooting the Plaintiff, Decedent, Joseph Priolo.

91.     The "City" was further negligent in failing to properly investigate the shooting of the Plaintiff and said negligence, includes but no exclusive to, the failure to administrate proper Police Patrol Guidelines protocol.

92.     Due to the aforementioned negligence collectively, Plaintiff, Decedent, Joseph Priolo, was caused to suffer severe physical injuries, pain and suffering resulting in death, including pre-death pain and suffering emotional and psychological distress and horror .

93.     By reason of the foregoing, the Plaintiff, Dolores Priolo as Administratix of the Estate of Joseph Priolo, and herself demands judgment for negligence against the Defendants "City", "NYPD", including but not limited to, Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni in a sum exceeding the jurisdictional limits of all lower court.

### AND AS FOR A THIRD CAUSE OF ACTION FOR NEGLIGENCE HIRING AND RETENTION ON BEHALF OF DOLORES PRIOLO, AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH PRIOLO AS TO THE CITY OF NEW YORK, AND NEW YORK CITY POLICE DEPARTMENT

94.     The Plaintiff(s) repeats and re-alleges such and every allegation set forth above numbered "1" through "93" inclusive with the same force and effect as if more fully set forth at length herein.

95.     Defendant "City" and "NYPD," did not exercise reasonable care and diligence in the employment and training of its agents, servants, and employees and were negligent in the hiring,

training and retention of the Defendants Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni so as to cause the death of Joseph Priolo.

96.      Defendant "City" and "NYPD" upon information and belief had prior knowledge of the inappropriate, unlawful and improper conduct of the Defendants Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni and nonetheless continued to employ said officers and allow them to be in contact with the public.

97.      By reason of the forgoing, the Plaintiff(s), Dolores Priolo as Administratix of the Estate of Joseph Priolo, Decedent and on behalf of herself individually demands judgment for negligent hiring and retention against Defendant "City", "NYPD", Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni in a in a sum exceeding the jurisdictional limits of all lower court.

### AND AS FOR A FOURTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 ON BEHALF OF DOLORES PRIOLO, AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH PRIOLO AGAINST POLICE OFFICER CESAR DORADO, POLICE OFFICER BRIAN BRANDT, POLICE OFFICER PETER REPETTI, AND SGT. ERIC PANNI

98.      The Plaintiff(s) repeats and re-alleges such and every allegation set forth above numbered "1" through "97" inclusive with the same force and effect as if more fully set forth at length herein.

99.      The Defendants "City", "NYPD", Police Officers Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni were acting under the colors of law and within the scope of their authority when they battered, assaulted, and used excessive force (deadly force) against Plaintiff, Decedent, Joseph Priolo in violation of 42 U.S.C § 1983 as well as other applicable State and Federal law.

100.      The Defendants "City", "NYPD" and including but not limited to Police Officers Dorado,

Brandt, Repetti, and Sergeant Panni, were acting under color of law and within their scope of their employment/authority when they deprived the Plaintiff, Decedent, Joseph Priolo, of liberty without due process and without reasonable cause in violation of 42 U.S.C § 1983 as well as other applicable State and Federal laws.

101.    The Defendants had deprived the Plaintiff, Decedent, Joseph Priolo, by their actions of his civil rights as guaranteed by statue.

102.    That the shooting and death of Plaintiff, Decedent, Joseph Priolo, was in violation of his civil rights in particularly 42 U.S.C § 1983 as well as other applicable State and Federal laws including the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

103.    That the depravation by the Defendants of the Plaintiff's civil rights was a result of the Defendants, "City", "NYPD" and including but not limited to Police Officer Cesar Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sgt. Eric Panni acting under color of law and within their authority as law enforcement officers within the employment of the Defendants, "City" and "NYPD".

104.    The Defendant "Officers" conspired with one another to deprive the Plaintiff, Decedent, Joseph Priolo, of his Constitutional rights: the rights to be free from the intentional use of unreasonable force; to be free from unreasonable seizure of the person, and unreasonable use of excessive force.

105.    The Defendant "Officers" further conspired and violated the Plaintiff's civil rights by conspiring to cover-up the shooting and death of the Plaintiff, Decedent, Joseph Priolo. Defendant "Officers" engaged in a fabrication as to the acts and events leading to and the results of that the Defendant "officers" actions were not privileged or immune.

106.    The Defendants "City", "NYPD" and "Officers" collectively were not acting with immunity when they deprived the Plaintiff, Decedent, Joseph Priolo of his civil rights.

107.    By reason of the foregoing, the Plaintiff, Dolores Priolo as Administratix of the Estate of Joseph Priolo, deceased and on behalf of herself individually demands judgment for civil rights violation against the Defendants, the "City", "NYPD" and Defendant "Officers" collectively in a sum exceeding the jurisdictional limits of all lower court.

## AS AND FOR FIFTH CAUSE OF ACTION FOR ASSAULT AND BATTERY ON BEHALF OF JOSEPH PRIOLO AGAINST POLICE OFFICER DORADO

108.    The Plaintiff(s) repeats and re-alleges such and every allegation set forth above numbered "1" through "107" inclusive with the same force and effect as if more fully set forth at length herein  That on October 26, 2014 at approximately 8:00 a.m. and at all times hereinafter mentioned and upon information and belief Plaintiff, Decedent, Joseph Priolo was not without reason or provocation, resulting in death by the Defendant "Officers" including but not limited to Police Officer Dorado as an agent, servant and employee of the "City" and "NYPD".

109.    Said shooting was executed knowingly, intentionally and willfully.

110.    Said Police Officer Dorado was acting within the scope of his employment with the Defendants "City" and "NYPD".

111.    That the shooting of the Plaintiff, Decedent, Joseph Priolo, was without probable cause.

112.    By reason of the battery and assault, Joseph Priolo, Plaintiff, Decedent suffered physical injuries, pain and suffering resulting in death, including pre-death pain and suffering, emotional and psychological distress and horror.

113.    By reason of the Plaintiff, Dolores Priolo as Administratix of the Estate of Joseph Priolo, deceased and on behalf of herself individually demands judgment for battery and assault against

the Defendant Officer Dorado in a sum exceeding the jurisdictional limits of all lower court.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF DOLORES PRIOLO, AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH PRIOLO AGAINST POLICE OFFICER CESAR DORADO, POLICE OFFICER BRIAND BRANDT, POLICE OFFICER PETER REPETTI, AND SGT. ERIC PANNI

114.    The Plaintiff(s) repeats and re-alleges such and every allegation set forth above numbered "1" through "113" inclusive with the same force and effect as if more fully set forth at length herein.

115.    The actions of the Defendants collectively herein alleged above, were malicious, willful and grossly negligent.

116.    The "City," "NYPD" authorized, and permitted the unlawful and negligent acts of the Defendant Officers Police Officer Dorado, Police Officer Brian Brandt, Police Officer Peter Repetti, and Sergeant Eric Panni, its servants, agents and employees herein above alleged.

117.    By reason of the foregoing,  Plaintiffs, Dolores Priolo as Administratix of the Estate of Joseph Priolo, deceased and on behalf of herself individually demands judgment for punitive damages against all Defendants in a sum exceeding the jurisdictional limits of all lower court.


## AS AND FOR A SEVENTH CAUSE OF ACTION FOR LOSS OF SERVICES ON BEHALF OF DOLORES PRIOLO, MOTHER AND NATURAL GUARDIAN OF DECEDENT JOSEPH PRIOLO AS TO ALL DEFENDANTS

118.    The Plaintiff repeats and re-alleges such and every allegation set forth above numbered "1" through "117" inclusive with the same force and effect as if more fully set forth at length herein.

119.    At all times hereinafter mentioned, the Plaintiff, Dolores Priolo was the Mother and Natural Guardian of Decedent, Joseph Priolo, and resided with him and was entitled to his services, society comfort, financial support, love and affection.

120.    As a result of the Defendants'/Officers' negligence, battery, assault and the "City's" and "NYPD's" negligent hiring and retention, the Defendants collectively violated the Decedent's constitutional rights resulting in the death of Joseph Priolo, and thus Plaintiff, Dolores Priolo has been deprived of the services, society comfort, love, financial support and affection from her son , Joseph Priolo, in perpetuity.

121.    By reason of the foregoing, Plaintiff, Dolores Priolo as Mother and Natural Guardian demands judgment on behalf of herself against the Defendants "City", "NYPD" and "Officers" collectively for loss of services, society comfort, financial support, love and affection from her son, in a sum exceeding the jurisdictional limits of all lower court.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR LOSS OF GUIDANCE ON BEHALF OF DOLORES PRIOLO, MOTHER AND NATURAL GUARDIAN OF DECEDENT JOSEPH PRIOLO AS TO ALL DEFENDANTS

122.    The Plaintiff repeats and re-alleges such and every allegation set forth above numbered "1" through "121" inclusive with the same force and effect as if more fully set forth at length herein.

123.    At all times hereinafter mentioned, the Plaintiff, Dolores Priolo as the Mother and Natural Guardian of Decedent, Joseph Priolo, who provided physical, emotional support and financial support as well as love, care and moral guidance prior to his death.

124.    As a result of the Defendants negligence and in violation of the Decedent's constitutional rights, Dolores Priolo, has been deprived of the support, love, care, nature, physical, emotional, financial support and moral guidance from her son in perpetuity.

125.    By reason of the foregoing, Plaintiff, Dolores Priolo as Mother and Natural Guardian of Joseph Priolo, demands judgment for loss of guidance, support, love, care, nature, physical, emotional, financial support and moral guidance on behalf of herself against all of the Defendants

in a sum exceeding the jurisdictional limits of all lower court.

**WHEREFORE**, the Plaintiffs, Dolores Priolo as Administratix of the Estate of Joseph Priolo, and herself respectfully request damages as stated within the First Cause of Action to the Eighth Cause of Action upon all causes of action against Defendants and as summarized and articulated below:

1.  With respect to Defendants the "CITY", and "NYPD":

    A) Declaratory judgement declaring that the City of New York and New York Police Department has violated the aforesaid laws; statues and constitutions;

    B) Restitution to Plaintiff, Dolores Priolo and Plaintiff, Decedent of his rights, privileges, benefits and income which would have been received by him but for the Defendants' unlawful, wrongful, negligent, reckless torturous and unconstitutional conduct;

    C) Compensatory damages in an amount to be determined by the court and jury;

    D) Punitive damages in the amount to determined by the court and jury;

    E) Reasonable attorney's fees, disbursements and costs of their action pursuant to U.S.C. § 1983, 1988;

    F) All legal and statutory interest on sums awarded;

    G) Loss of life and liberty;

    H) Loss of services and guidance;

    I) Emotional and psychological distress and horror;

    J) Loss of enjoyment;

    K) The Right to Due Process of Law;

    L) The right to be secure in his person and free from use of unreasonable force;

M)  Pain and suffering; and

N)  Such other and further relief as this Honorable Court may deem just, proper and equitable.

2.    With respect to each Police Officer Defendants as Police Officers and individually;

A)  Declaratory judgment declaring that the Defendants/Policers Officers have violated the aforesaid statues, laws and constitutions;

B)  Restitution to Plaintiff, Dolores Priolo and Plaintiff, Decedent of his rights, privileges, benefits and income which would have been received by him but for the Defendants' unlawful wrongful, negligent, reckless torturous and unconstitutional conduct;

C)  Compensatory damages in an amount to be determined by the court and jury;

D)  Punitive damages in the amount to determined by the court and jury;

E)  Reasonable attorney's fees, disbursements and costs of their action pursuant to U.S.C. § 1983, 1988;

F)  All legal and statutory interest on sums awarded;

G)  Loss of life and liberty;

H)  Loss of services and guidance;

I)  Emotional and psychological distress and horror;

J)  Loss of enjoyment;

K)  The Right to Due Process of Law;

L)  The right to be secure in his person and free from use of unreasonable force;

M)  Pain and suffering; and

N)  Such other and further relief as this Honorable Court may deem just, proper and

equitable.

DATED:     New York, New York
           April 27, 2016

                                        _____
                                        Royce Russell, Esq.
                                        Emdin & Russell, LLP.
                                        Attorneys for Plaintiffs
                                        499 Seventh Avenue 12N
                                        New York, New York 10018
                                        (212) 683-3995

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am a partner in the law firm of Emdin & Russell, LLP, the attorneys of record for the Plaintiff in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true. The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiffs is that the Plaintiffs, do not reside in the county in which my office is located. The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file. The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated:   New York, New York
         April  27, 2016

By: Royce Russell, Esq

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am a partner in the law firm of Emdin & Russell, LLP, the attorneys of record for the Plaintiff in the within action; that I have read the foregoing Verified Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true. The undersigned further states that the reason this Verified Complaint is made by me and not by the Plaintiffs is that the Plaintiffs, do not reside in the county in which my office is located. The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file. The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated:   New York, New York
         April   2✗2016

By: Royce Russell, Esq